**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY


SEAN W. LEE,                     :
                                 :   Civil Action No. 12-0130 (NLH)
            Petitioner,          :
                                 :
            v.                   :   OPINION
                                 :
DONNA ZICKEFOOSE, et al.,        :
                                 :
            Respondents.         :
```

**APPEARANCES:**

Petitioner pro se
Sean W. Lee
U.S.P. Marion
Marion, IL 62959

**HILLMAN**, District Judge

    Petitioner Sean W. Lee, a prisoner previously confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] and an application for leave to proceed in forma pauperis. The respondents are FCI Fort Dix Warden Donna

---

    [1] Section 2241 provides in relevant part:

    (a) Writs of habeas corpus may be granted by the
    Supreme Court, any justice thereof, the district courts
    and any circuit judge within their respective
    jurisdictions.
    (c) The writ of habeas corpus shall not extend to a
    prisoner unless-- ... (3) He is in custody in violation
    of the Constitution or laws or treaties of the United
    States ... .

Zickefoose, A. Martusciello (an SIS Lieutenant at FCI Fort Dix), and A. Boyce (a Disciplinary Hearing Officer at Fort Dix).

Based on Petitioner's affidavit of indigence, this Court will grant Petitioner leave to proceed in forma pauperis. Because it appears from a review of the Petition that this Court lacks jurisdiction to hear this Petition, it will be dismissed without prejudice. See 28 U.S.C. § 2243.

## I. BACKGROUND

Petitioner is a federal prisoner serving a 188-month sentence imposed by the U.S. District Court for the Western District of Tennessee. See United States v. Lee, Criminal No. 05-20120 (W.D. Tenn.).

Petitioner asserts that in 2011, while he was confined at the Federal Correctional Institution at Fort Dix, New Jersey, he was charged with various infractions, was found guilty of violating Code 10.219A (attempted stealing), and was sanctioned with loss of 27 days of good conduct time. Thereafter, on August 21, 2011, Petitioner was transferred to the Federal Correctional Institution at Three Rivers, Texas, where he was confined when he filed this Petition for writ of habeas corpus.[2]

Petitioner challenges the disciplinary proceeding on the grounds that he was denied a fair hearing procedure in violation

---

[2] During the pendency of this action, Petitioner was transferred to the U.S. Penitentiary at Marion, Illinois.

2

of his due process rights, as evidenced by the creation of a factually inaccurate and incomplete agency record in violation to 5 U.S.C. § 552(a).  Petitioner asserts that he was not permitted to present the witnesses he requested and that the respondents falsely reported that one witness, who was not present, did appear.  He also asserts that he was not permitted to question one witness who was present.

Petitioner seeks restoration of his good time credits, among other requested relief.[3]

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).

---

[3] To the extent Petitioner seeks declaratory and injunctive relief based upon these alleged improper acts, any such action for declaratory and injunctive relief is premature until such time as the results of the disciplinary proceeding are overturned by habeas relief or otherwise.  See, e.g., Preiser v. Rodriguez, 411 U.S. 475 (1973); Heck v. Humphrey, 512 U.S. 477 (1994); Edwards v. Balisok, 520 U.S. 641 (1997); Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. §§ 2243, 2255.

### III.  ANALYSIS

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997).  See also Wilkinson v. Dotson, 544 U.S. 74 (2005).

Pursuant to 28 U.S.C. § 2241, United States district courts have power to issue writs of habeas corpus "within their respective jurisdictions."  Thus, the court issuing the writ must

be able to exercise personal jurisdiction over the custodian of the petitioner.

In addition, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]." See also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").

"[T]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." Wales v. Whitney, 114 U.S. 5674, 574 (1885).

> In accord with the statutory language and Wales' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement - "core challenges" - the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.

Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) (citations omitted) (involving the question who was the proper respondent in a § 2241 petition filed by a United States citizen designated as a federal "enemy combatant," and confined in a navy brig in South Carolina on a material witness warrant issued by the U.S. District Court for the Southern District of New York).

> The proviso that district courts may issue the writ only "within their respective jurisdictions" forms an important corollary to the immediate custodian rule

> in challenges to present physical custody under § 2241. Together they compose a simple rule that has been consistently applied in the lower courts, including in the context of military detentions: Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.

Padilla, 542 U.S. at 446-47 (citations and footnote omitted).

Jurisdiction is determined as of the time the petition is filed. See United States v. Moruzin, 2012 WL 1890402 (3d Cir. May 25, 2012). Cf. Padilla, 542 U.S. at 441 ("when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release"); Chavez-Rivas v. Olsen, 194 F.Supp.2d 368 (D.N.J. 2002) (where an INS detainee properly files a habeas petition in the district where he is confined, and the INS subsequently transfers the petitioner to a facility outside that district, the United States Attorney General may be deemed a "custodian" to allow the original district court to retain jurisdiction).

Here, Petitioner was confined in Texas, not New Jersey, at the time he filed this Petition. Accordingly, this Court lacks jurisdiction to hear the Petition and will dismiss the Petition

without prejudice for lack of jurisdiction.[4]  This Court expresses no opinion as to the merits of the Petition.

### IV.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice.  An appropriate order follows.

At Camden, New Jersey              s/ Noel L. Hillman
                                   Noel L. Hillman
                                   United States District Judge

Dated: November 5, 2012

---

[4] As Petitioner is no longer confined in Texas, and there do not appear to be any witnesses or evidence located in Texas, and there is no statute of limitations that would limit Petitioner's ability to file a new petition in the district where he is presently confined, it would not be in the interest of justice to transfer this Petition to a District Court in Texas where it could have been brought at the time it was incorrectly filed here.  See 28 U.S.C. § 1631.